## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

WILLIAM McFADDEN,            \*
       Plaintiff

                     \*

   v.                  CIVIL ACTION NO. RWT-09-1746
                     \*

WARDEN RODERICK SOWERS, *et al.*,
       Defendants.       \*

                 \*\*\*\*\*\*

## <u>MEMORANDUM OPINION</u>

On July 2, 2009, the Court received Plaintiff William McFadden's civil rights complaint seeking compensatory damages filed pursuant to 42 U.S.C. § 1983. McFadden alleges he was subjected to excessive force. Paper No. 1.

Defendants, Warden Roderick Sowers, Officer Joseph Harsh and Officer Kevin Ebersole, have filed a Motion to Dismiss, or in the Alternative for Summary Judgment. Paper No. 13. Plaintiff has not filed a response.[1] No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2009). For the reasons stated below, the dispositive motion filed by Defendants, treated as a motion for summary judgment, will be granted.

### Background

McFadden alleges that on September 15, 2007, while incarcerated at the Roxbury Correctional Institution, he was taken to the multi-purpose room by Defendants Harsh and Ebersole and ordered to submit to a strip search. He complied. No contraband was found on him. Plaintiff states that before he could put his clothing back on he was hit by Harsh who smashed Plaintiff's head and face against the wall. Ebersole then joined in the fray, kicking and stomping Plaintiff who

---

[1] Pursuant to the dictates of <u>Roseboro v. Garrison</u>**,** 528 F.2d 309, 310 (4th Cir. 1975), on January 14, 2010, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. Paper No. 14. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. <u>Id</u>.

went "in and out of consciousness." Plaintiff states he was bleeding, and he was called racial names and spat upon. Paper No. 1

The uncontroverted records reflect that on September 15, 2007, Harsh and Ebersole were assigned to perform a strip search on Plaintiff in the multipurpose room. The officers advised Plaintiff not to lower his arms or make any sudden movements toward the officers. Plaintiff was ordered to remove one piece of clothing at a time. After Plaintiff removed all of his clothes and they were searched, Plaintiff was instructed to get dressed. After Plaintiff was dressed he was instructed to turn and face the officers with his hands in the air so his mouth could be checked. Plaintiff was instructed to use his index finger on his right hand to swab his gum line. Plaintiff paused, then lowered his arms in an aggressive manner, and spit on Harsh's face. Ebersole and Harsh spontaneously responded and forced Plaintiff into the metal door in the multipurpose room. Plaintiff struggled until the officers were able to take him to the floor. Harsh gained control of Plaintiff's right arm and Ebersole gained control of the left. Handcuffs were then applied. Officer Martin entered the room, helped Plaintiff to his feet, and escorted him to the medical unit for assessment. Paper No. 13, Ex. 1. The medical department noted a laceration to Plaintiff's right eyebrow two centimeters in length and one centimeter in width. Plaintiff also suffered a small cut to his lower lip.

During the internal investigation of the incident, Case Manager Robert Moats overheard Plaintiff admit he had spit on Harsh. Lt. Gonzales also recounted that Plaintiff stated he had spit on Harsh accidentally and wished to apologize. Id. As a result of the investigation second degree assault charges were filed against Plaintiff. He was found guilty of assault on August 4, 2008, in the Circuit Court for Washington County, Maryland and received a sentence of 42 months to be served consecutively to his other sentences. Id.

**Standard of Review**

Fed. R. Civ. P. 56(c) provides that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993)).

**Analysis**

**Eighth Amendment**

Whether force used by prison officials was excessive is determined by inquiring if "force

3

was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U. S. 1, 6-7 (1992). This Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley v. Albers, 475 U. S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. See Wilkins v. Gaddy, 130 S.Ct. 1175, 1176 (2010). The extent of injury incurred is one factor indicative of whether or not the force used was necessary in a particular situation, but if force is applied maliciously and sadistically liability is not avoided simply because the prisoner had the good fortune to escape serious harm. Id.

The uncontroverted records reveal that while Plaintiff was being subjected to a routine strip search he became combative with correctional officers. By his own admissions to other staff and inmates, Plaintiff indicates that he did not follow the orders of correctional officers regarding the procedure for the strip search, became combative, and spit on the officers. While Plaintiff indicated to staff that the spitting was accidental, his version of events, that the officers, without provocation, hit, stomped, and threw him to the ground, finds no support in the record. Plaintiff's version is not only contradicted by the matters of record prepared as a result of the incident, the hearing officer's findings, the findings of the Circuit Court for Washington County, and the declarations of the officers involved, but by the medical records and photographs provided to the Court. The objective evidence, i.e. medical records and photographs, shows no evidence of Plaintiff having been beaten and stomped by two correctional officers. Rather, in accordance with Defendants' version of events, they show the effects of forcing Plaintiff against a metal door to gain his compliance after he assaulted correctional staff. While Plaintiff states in his original complaint that there were inmate witnesses to his event who would verify his version, Plaintiff has failed to provide to the Court an affidavit from this witness, or even a summary as to what this witness would have testified to.

4

Simply stated, Plaintiff has failed to demonstrate that Defendants acted sadistically and maliciously with the intent to cause him harm. There is no dispute that Plaintiff was non-compliant with the strip search procedure, nor is there any dispute that Defendants perceived Plaintiff to be combative and assaultive towards them. Defendants were entitled to subdue Plaintiff and regain control over him. Each defendant is entitled to summary judgment.

**Conclusion**

For the aforementioned reasons, the case shall be dismissed. Defendants' Motion for Summary Judgment shall be granted. A separate order follows.


June 18, 2010                                        _____/s/_____
Date                                                              ROGER W. TITUS
                                                        UNITED STATES DISTRICT JUDGE